UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN LAMAR PITTS (#329150)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 12-373-BAJ-SCR

**RULING**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Asst. Warden D. Vannoy, Asst. Warden K. Benjamin, Asst. Warden T. Poret, Asst. Warden C. Menzina, Asst. Warden O. Lamartinere, Col. D. Voohries, Maj. W. Robinson, Capt. J. Dauzat and Msgt. R. Childs. Plaintiff alleged that he was issued a false disciplinary report, was threatened and subjected to an excessive use of force and denial of adequate medical treatment in violation of his constitutional rights.

Specifically, the plaintiff alleged that on April 21, 26 and May 6 and 15, 2012, he was threatened and subjected to multiple searches by Capt. Dauzat.

Plaintiff alleged that on May 15, 2012, he filed Administrative Remedy Procedure ("ARP") LSP-2012-1647. Plaintiff alleged that on May 24, 2012, Capt. Dauzat searched his person and property and told him that he would face more trouble if he did not withdraw the ARP. Plaintiff alleged that two hours later, Capt.

Dauzat restrained him and brought him on the walk to question him. Plaintiff alleged that Capt. Dauzat became upset and choked him until he fainted. Plaintiff alleged that when he regained consciousness he was examined by an emergency medical technician.

Plaintiff alleged that on May 25, 2012, he completed a medical request form seeking treatment for complaints of pain in his ankle, neck and elbow. Plaintiff alleged that his request form was given to a supervisor because he had complained that he was harmed by a security officer.

Plaintiff alleged that on June 10, 2012, he was escorted to the prison infirmary where x-rays were taken. Plaintiff alleged that he was advised that there was nothing wrong with him.

Plaintiff alleged that on June 12, 2012, he told Warden Vannoy that security officers were retaliating against him and that he suffered a chipped bone in his elbow and needed x-rays of his shoulder and ankle. Plaintiff alleged that on June 13, 2012, Warden Vannoy sent him to the prison infirmary. Plaintiff alleged that Warden Vannoy ordered Warden Lamartinere, Warden Menzina and Col. Voohries to conduct an investigation. Plaintiff alleged that instead of conducting an investigation, the three prison officials told him to drop the ARP because he was making enemies.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

(a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that

a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

    Plaintiff alleged in his complaint that he filed two administrative grievances regarding the claims raised in the complaint but he has not yet exhausted the two administrative grievances.[1]  Plaintiff attached as exhibits to the complaint the two

---

[1] Record document number 1-1, p. 2.

Case 3:12-cv-00373-BAJ-SCR   Document 5   08/08/12   Page 4 of 6

ARPs he filed with prison officials.[2]  The first ARP was received by prison officials on May 30, 2012 and was assigned as ARP 12-1647.  The second ARP was submitted on June 20, 2012, but has apparently not yet been accepted into the two step procedure.

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.  La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.  *Id*.  The warden shall respond to the inmate within 40 days from the date the request is received at the first step.  *Id*.  An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.  *Id*. at § 325(G)(2)(a).  A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt.  *Id*.

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion.  *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

---

[2] Record document number 1-2, pp. 3-10.

Plaintiff acknowledged on the face of the complaint that he has not yet exhausted the two ARPs. At the time the plaintiff filed his complaint on July 3, 2012, there had not been sufficient time to exhaust available administrative remedies through the two step process on either ARP.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint shall be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[3]

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, August 8, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] *Underwood v. Wilson*, 151 F.3d at 296.